UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANA TURNER,

    Plaintiff,

v.                         Case No:   3:17-cv-1423-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

Plaintiff, Dana Turner, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed applications for a period of disability, DIB, and SSI on September 5, 2012, alleging a disability onset date of December 31, 2011. (Tr. 288-95, 296-302). Plaintiff's applications were denied initially and upon reconsideration. Upon Plaintiff's request, a hearing was held before Administrative Law Judge Kelley Fitzgerald (the "ALJ") on September 19, 2014. (Tr. 44-68). On November 14, 2014, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 129-47). Plaintiff appealed the hearing decision and the Appeals Council vacated the hearing decision and remanded the case back to the ALJ on February 25, 2016, with instructions to correctly identify Plaintiff's cerebral aneurysm (which had been incorrectly referred to by the ALJ as an aortic aneurysm) and to determine whether Plaintiff could perform her past relevant work. (Tr. 149-51).

Plaintiff subsequently amended her alleged onset date to March 13, 2015. (Tr. 350). A second hearing was held before the ALJ on September 16, 2016. (Tr. 26-43). On December 2, 2016, the ALJ entered her decision finding Plaintiff not disabled. (Tr. 7-25). Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on October 23, 2017. (Tr. 1-7). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on December 22, 2017.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 13, 2015, the amended alleged onset date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: cerebral aneurysm; aneurysm aorta; headaches second to arteriovenous malformations ("AVM's") in the cerebellum; left-side hearing loss by history. (Tr. 13). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14).

Before proceeding to step four, the ALJ found that Plaintiff, through the date last insured, had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except light work with lifting/carrying up to 10 pounds frequently and 20 pounds occasionally; sitting, standing and walking about six hours each in an eight hour workday; no balancing; no more than simple routine repetitive tasks; no more than occasional oral communication.

(Tr. 14). At step four, the ALJ found that Plaintiff was unable to perform her pat relevant work as a warehouse worker, hand sewer, companion sitter, and peddler. (Tr. 17).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 17). Specifically, the ALJ found that Plaintiff could perform such occupations as cleaner/housekeeping, marker, and router. (Tr. 18). The ALJ concluded that Plaintiff had not been under a disability from March 13, 2015, the amended alleged onset date, through December 2, 2016, the date of the decision. (Tr. 18-19).

## II.     Analysis

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to develop the medical evidence. (Doc. 15 p. 6-8). Plaintiff contends that the ALJ should have ordered a consultative examination to assess the extent of limitation caused by Plaintiff's hearing loss, varicose veins, and balance issues. (Doc. 15 p. 6-8). Plaintiff notes that the record contains consultative examinations from 2011 and 2012, but these examinations pre-date the amended alleged onset date and the examiners did not have the benefit about Plaintiff's aneurysm. (Doc. 15 p. 8). In response, Defendant argues that the ALJ properly determined that the record contained sufficient evidence to render a decision and substantial evidence supports her finding that Plaintiff is not disabled. (Doc. 17 p. 5-13).

An ALJ has a basic obligation to fully and fairly develop the record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). This obligation rises to the level of a "special duty" only where a claimant has waived his right to representation by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). The Eleventh Circuit has held that "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Harrison v. Comm'r of Soc. Sec.*, 2014 WL 2853764 (11th Cir. June 24, 2014).

In this case, the Court finds that Plaintiff has failed to demonstrate that her due process rights were violated to such a degree to warrant the case remanded for development of the record. The Court agrees with Defendant that the record contained sufficient information for the ALJ to render her decision. The record contains a 2016 CT scan of Plaintiff's head and neck, a March 2016 cerebral angiogram, an MRI of the brain, a 2015 CT scan of the head. (Tr. 783-85). The

record also contains a comparison of this evidence and an interpretation of the test results: this evidence showed no acute abnormality and that Plaintiff was stable. (Tr. 783-90). Moreover, as the ALJ noted, the March 2016 examination revealed a non-focal neurological exam, a mildly wide based gait, no frank ataxia or unsteadiness. (Tr. 16, 781). Dr. Dena Mohnani noted that Plaintiff was "very well appearing". (Tr. 16, 781). Dr. Harris indicated that there was no acute process and nothing to explain Plaintiff's symptoms of dizziness. (Tr. 794).

Furthermore, there is evidence of record concerning problems with varicose veins in the lower extremity, impairment of balance, and hearing difficulties. (Tr. 906-31). Particularly, clinical findings of record from 2016 showed that Plaintiff's motor strength was normal and her joints, bones, and muscles had normal movement in all her extremities, and her extremities had no edema. (Tr. 915). Her gait was irregular and her hearing was decreased. (Tr. 910, 912, 913, 916, 917, 919, 922, 925). She lived alone (Tr. 912). Her exercise level was moderate. (Tr. 912). Dr. Bashyam Iyengar felt Plaintiff's imbalance issues were most likely secondary to the aneurysms and he recommended Plaintiff follow up for vestibular rehabilitation with physical therapy. (Tr. 913). For varicose veins, Dr. Iyengar referred Plaintiff to the vein institute for peripheral vascular disease. (Tr. 913). Progress notes indicate that Plaintiff saw an audiologist, who in turn recommended she wear hearing aids. (Tr. 919, 922). Progress notes further indicate that Plaintiff had not seen a vascular disease doctor or started physical therapy. (Tr. 919). She alleged that she could not afford to follow up on these recommendations. (Tr. 922).

In her decision, the ALJ reviewed the medical evidence of record and formulated her RFC finding in accordance with the medical evidence. Plaintiff has failed to demonstrate that the ALJ's RFC finding is not supported by substantial evidence and that Plaintiff's limitations were not accounted for by the ALJ in the RFC finding.

Plaintiff has failed to show that the ALJ erred by failing to develop the record by choosing not to order a consultative examination. Accordingly, the Court affirms the ALJ's decision.

**III. Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties